By The; Court:
More than four years after the plaintiff’s cause of action accrued having elapsed when the action below was commenced, the action, it is conceded, was barred, unless it is saved by the provisions of section 4991, of the Revised Statutes, which reads as follows: “If, in an action commenced in due time, a judgment for the plaintiff be reversed, or the plaintiff fail otherwise than upon the merits, and the time limited for the commence *296 ment of such action has, at the date of such reversal or failure, expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after such date; and this provision shall apply to any claim asserted in any pleading by a defendant.” The first action brought by the plaintiff was commenced within time; but when it was dismissed on his motion, by the Circuit Court of the United States, to which it had been removed, the time limited for the commencement of the action had expired. The precise question in .the case is, therefore, did-the plaintiff fail in his first action, within the purview of 'the section of the statute above quoted. If he did not, the action below was barred; but if he did, it was not barred, for it was commenced the next day after the dismissal of the first action. We think the plaintiff, by the voluntary dismissal of his action, did not so fail; and his second action, the action below, was therefore barred. To fail, implies an effort or purpose to succeed. One cannot, properly, be said to fail in anything he does not undertake, nor, in an undertaking which he voluntarily abandons. The right to commence the new action is preserved by section 4991, only where, in the former action, judgment for the plaintiff has been reversed, or he has failed otherwise than upon the merits. The reversal of the judgment involves the action of the court, which may render it necessary, or proper, for the plaintiff to commence a new action; and a failure in the action, by the plaintiff, otherwise than upon the merits, imports some action by the court, by which the plaintiff is defeated without a trial upon the merits. Under the provisions of section 5313 of the Revised Statutes, the court may dismiss an action without prejudice to a future action, (1) where the plaintiff fails to appear on the trial; (2) for want of necessary parties; (3) on application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence; and (4) for disobedience by the plaintiff of an order concerning the proceedings in the action. Where the court, under either of these provisions dismisses an action, the plaintiff fails, within, the meaning of section 4991; and, in *297 that respect the case of Bates v. Railroad Company, 12 Ohio St., 620, is distinguished from this case. By the provisions of section 5313, a plaintiff may voluntarily dismiss his action, either at term, or in vacation on payment of costs, without prejudice to a future action, at any time before the final submission of the case to the jury, or to the court when the trial is by the court; except that he cannot dismiss in vacation when a counter-claim or set-off has been filed in the action. A dismissal by the plaintiff, involves no action of the court; it is a voluntary .withdrawal of his case, and is not a failure in the action.

Judgment affirmed.